IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | CR No. 04-350-MO |
|---|---|
| Plaintiff, | ORDER RE DETERMINATION OF DEFENDANT'S MENTAL COMPETENCY TO STAND TRIAL AND COMMITTING DEFENDANT TO THE CUSTODY OF THE ATTORNEY GENERAL PURSUANT TO 18 U.S.C. § 4241(d)(1) |
| vs. | |
| DAVID JOE BRUESCH, | |
| Defendant. | |

The above-entitled action came before the Court for the purpose of a status conference hearing by way of a special setting on June 27, 2005. Plaintiff appeared by and through its attorney of record, Assistant United States Attorney Frank Noonan. As a consequence of current psychiatric incapacity Defendant, David Joe Bruesch, was not present, but appeared by and through his attorney of record, Assistant Federal Public Defender Christopher J. Schatz.

Assistant Federal Public Defender Christopher J. Schatz moved the Court to find that Mr. Bruesch was not presently capable of aiding and assisting in his own defense. In addition, and in light of Mr. Bruesch's inability to aid and assist, AFPD Schatz further moved the Court to order that the Bureau of Prisons undertake to conduct a second competency evaluation of Mr. Bruesch pursuant to 18 U.S.C. § 4241, and that the United States Marshal's Service be directed to take all reasonable measures necessary to expedite Mr. Bruesch's transfer and travel to an appropriate Bureau of Prisons' medical facility for purposes of the § 4241 evaluation and to ensure Mr. Bruesch's physical well-being and safety.

Page 1   ORDER RE DETERMINATION OF DEFENDANT'S MENTAL COMPETENCY TO STAND TRIAL AND COMMITTING DEFENDANT TO THE CUSTODY OF THE ATTORNEY GENERAL PURSUANT TO 18 U.S.C. § 4241(d)(1)

Concerning Mr. Bruesch's current psychiatric situation, Multnomah County Corrections Counselor Tim Barnhart reported to the Court that, following his return from FMC Springfield in April of 2005, Mr. Bruesch appeared to have attained relative psychiatric stability as a result of the medications (principally Haloperidol and Clonazepam) that he was taking at that time. However, beginning in May, Mr. Bruesch discontinued his medication and began to rapidly decompensate. At the present time, according to Mr. Barnhart, Mr. Bruesch has withdrawn from contact with institution staff, behaves as if catatonic, and has not bathed for over a month.

Assistant Federal Public Defender Schatz reported that all communication between Mr. Bruesch and himself had been terminated by Mr. Bruesch. AFPD Schatz also advised that, according to Mr. Barnhart, the Multnomah County Detention Center's medical floor corrections staff have become increasingly frustrated by Mr. Bruesch's behavior, and that it is therefore imperative he be moved from that facility as soon as practicable.

In addition to the above, by way of correspondence to the Court dated June 27, 2005, AFPD Schatz informed the Court that, on the advice of Mr. Bruesch's consulting psychologist, Les Goldmann, Ph.D., it did appear appropriate to allow, should such prove necessary, the use of reasonable force with respect to the administration of medication to Mr. Bruesch.

Upon consideration of the above, and in light of the diagnosis of schizophrenia set forth in Dr. James K. Wolfson's psychiatric evaluation report, dated April 6, 2005, the Court makes the findings and enters the orders hereinafter set forth.

**FINDINGS:**

(1) Based on the information received by the Court concerning Mr. Bruesch's current mental health and physical condition, this Court finds by a preponderance of the evidence that defendant David Joe Bruesch is presently suffering from a mental disease or defect rendering him unable to assist properly in his defense.

(2) It is the further finding of this Court that, given Mr. Bruesch's current mental state and behavior, his travel and transportation to a Federal Medical Center facility should be expedited in order to lessen, and to the extent possible, remove any risk of serious injury or other physical disability to his person that his custodial transfer and travel might otherwise pose.

(3) It is the further finding of this Court, based on the correspondence of defense counsel, that use of reasonable force to compel Mr. Bruesch to take medication prescribed for him may be necessary in order to avoid further deterioration in Mr. Bruesch's mental and physical health.

**ORDERS:**

On the basis of the findings herein-above set forth, and for good cause shown:

IT IS HEREBY ORDERED that defendant David Joe Bruesch is committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d);

IT IS HEREBY FURTHER ORDERED that the Attorney General shall hospitalize defendant David Joe Bruesch in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine if there is a substantial probability that in the foreseeable future defendant David Joe Bruesch will attain the capacity to permit trial proceedings in the above-entitled action to proceed;

IT IS HEREBY FURTHER ORDERED that, in conducting the § 4241(d) competency evaluation and reporting to this Court, consideration shall be given as to whether a commitment for hospitalization should be made pursuant to 18 USC § 4246(a);

IT IS HEREBY FURTHER ORDERED that, with respect to the administration of psychotropic and related medications to Mr. Bruesch, an effort should be made to convince him to take his medications voluntarily; however, should Mr. Bruesch refuse to take the medications prescribed for him over a reasonable time not to exceed one week, and if it appears that in the absence of medication his mental function will either remain impaired as it is presently or further deteriorate, thereby creating an increasing risk that he will suffer physical and/or mental harm, then reasonable force may be employed to administer medication to Mr. Bruesch;[1]

IT IS HEREBY FURTHER ORDERED that, in selecting a suitable facility, the Attorney General and/or the United States Marshal's Service shall take reasonable measures to ensure that the travel and transportation of defendant David Joe Bruesch to a Federal Medical Center or other suitable facility is expedited;

IT IS HEREBY FURTHER ORDERED that trial proceedings in this matter are hereby suspended pending the completion of the § 4241 evaluation, and that a status conference in this

---

[1] In determining whether force is to be employed in administrating medication to Mr. Breusch, and to what degree, consideration shall first be given as to whether the proposed treatment is (1) substantially likely to render Mr. Breusch competent to stand trial, and (2) substantially unlikely to have side effects that will interfere significantly with his ability to assist his defense. *See Sells v. United States*, 539 U.S. 166, 181 (2003).

Page 4   ORDER RE DETERMINATION OF DEFENDANT'S MENTAL COMPETENCY TO STAND TRIAL AND COMMITTING DEFENDANT TO THE CUSTODY OF THE ATTORNEY GENERAL PURSUANT TO 18 U.S.C. § 4241(d)(1)

matter shall be conducted, on a date and at a time to be set by the Court, on or before November 14, 2005.

DATED this ___ day of June, 2005.

The Honorable Michael W. Mosman
Judge, United States District Court

Submitted by:

Christopher J. Schatz
Assistant Federal Public Defender

Approved
as to content and form by:

Frank Noonan
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing proposed **ORDER RE DETERMINATION OF DEFENDANT'S MENTAL COMPETENCY TO STAND TRIAL AND COMMITTING DEFENDANT TO THE CUSTODY OF THE ATTORNEY GENERAL PURSUANT TO 18 U.S.C. § 4241(d)(1)** on Assistant United States Attorney Frank Noonan by causing to be hand-delivered on June 27, 2005, a true, exact, and full copy thereof addressed to 600 United States Courthouse, 1000 S.W. Third Avenue, Portland, Oregon 97204-2902.

Christopher J. Schatz